# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID HORVATH,<br><br>               Plaintiff,<br><br>     v.<br><br>TRIUMVIRATE, LLC, an Alaska Limited Liability Company, *et al.*,<br><br>               Defendants. | Case No. 3:23-cv-00099-SLG |

### ORDER RE PLAINTIFF'S MOTION FOR REMAND TO STATE COURT PURSUANT TO 28 U.S.C. § 1441

Before the Court at Docket 7 is Plaintiff David Horvath's Motion for Remand to State Court Pursuant to 28 U.S.C. § 1441. Defendant Triumvirate, LLC ("Triumvirate"), filed a response in opposition at Docket 12, and Mr. Horvath replied at Docket 14. Oral argument was not requested and was not necessary to the Court's determination.

### BACKGROUND

On March 25, 2023, Mr. Horvath filed a complaint in Alaska state court against Defendants Triumvirate, LLC, an Alaska Limited Liability Company; Michael Rheam, owner of Triumvirate, LLC; Spurr Mountain, LLC, which Mr. Horvath asserted was an Alaska Limited Liability Company ("LLC"); and Does 1-10, "individuals and/or entities who have yet to be identified with particularity [who]

may share in liability."[1] The complaint alleged counts of negligence, gross negligence, and emotional distress in connection with a helicopter crash involving Mr. Horvath in March 2021 at or near the Chugach Mountains in Alaska.[2] Mr. Horvath alleged an amount in controversy exceeding the sum of $100,000.[3] On April 19, 2023, Attorney Rebecca Hozubin entered an appearance on behalf of Spurr Mountain and filed a motion to dismiss.[4] On April 28, 2023, Attorney Timothy Lamb entered an appearance on behalf of Triumvirate and filed an answer to the complaint on the same day.[5]

On May 1, 2023, Triumvirate filed a Notice of Removal based on diversity of citizenship, and the case was removed to this Court.[6] In its Notice of Removal, Triumvirate asserts that Plaintiff Horvath is a citizen of the Czech Republic; that Defendant Triumvirate is an Alaska LLC "organized under the laws of the State of Alaska with its principal place of business in Skwentna, Alaska"; and that Defendant Spurr Mountain is "an Alaska Limited Liability Company is a corporation

---

[1] Docket 1-1 at 1-2, ¶¶ 2-3, 5; *see also* Compl. for Pers. Inj. and/or Prop. Damages not Auto. Related, *Horvath v. Triumvirate, LLC, et al.*, 3AN-23-05352CI (Alaska Super. Ct. Mar. 28, 2023).

[2] *See* Docket 1-1 at 6, ¶ 12, 9-13, ¶¶ 20-35.

[3] Docket 1-1 at 4, ¶ 4.

[4] *See* Entry of Appearance, Mot. to Dismiss, *Horvath v. Triumvirate, LLC, et al.*, 3AN-23-05352CI (Alaska Super. Ct. Apr. 19, 2023).

[5] *See* Entry of Appearance, Answer to Compl. & Affirmative Defenses, *Horvath v. Triumvirate, LLC, et al.*, 3AN-23-05352CI (Alaska Super. Ct. Apr. 28, 2023).

[6] Docket 1 at 2, ¶ 3. The state court case was closed on the same day, and that court deemed Spurr Mountain's motion to dismiss moot. *See* Case Closed Removed to U.S. Dist. Ct., *Horvath v. Triumvirate, LLC, et al.*, 3AN-23-05352CI (Alaska Super. Ct. May 1, 2023).

Case No. 3:23-cv-00099, *Horvath v. Triumvirate, LLC, et al.*
Order re Motion for Remand to State Court Pursuant to 28 U.S.C. § 1441
Page 2 of 7
Case 3:23-cv-00099-SLG   Document 19   Filed 06/20/23   Page 2 of 7

[sic] organized under the laws of the State of Delaware with its principal place of business in Anchorage, Alaska."[7] However, in its motion to dismiss, Spurr Mountain states that it is a Delaware LLC conducting business in Alaska, not an Alaska LLC nor a corporation.[8] Triumvirate's Notice of Removal did not specify the citizenship of its owners nor the citizenship of the owners of Spurr Mountain. Further, while Triumvirate's notice stated that it expressly consented to the removal of the action, it did not state whether Spurr Mountain also consented to removal.[9] None of the parties dispute the alleged amount in controversy.

On May 2, 2023, the state court issued a notice to Triumvirate that it needed to serve its filings, including the Notice of Removal, on Ms. Hozubin, counsel for Spurr Mountain.[10] That same day, Ms. Hozubin entered an appearance in the instant federal case.[11] Over one month later, on June 6, 2023, Attorney John Tiemessen also entered an appearance on behalf of Spurr Mountain in the instant federal case.[12] More recently, on June 13, 2023, Mr. Tiemessen filed Spurr

---

[7] Docket 1 at 3, ¶¶ 6-7. Defendant Michael Rheam had not been served at the time Triumvirate filed its notice of removal. *See* Docket 12 at 2.

[8] Docket 9-1 at 28 n.1.

[9] Docket 1 at 3, ¶ 10 ("Defendant expressly consents to the removal of this action.").

[10] *See* Docket 9-1 at 73; Civ. Deficiency Memo, *Horvath v. Triumvirate, LLC, et al.*, 3AN-23-05352CI (Alaska Super. Ct. May 2, 2023).

[11] Docket 5.

[12] Docket 16.

Case No. 3:23-cv-00099, *Horvath v. Triumvirate, LLC, et al.*
Order re Motion for Remand to State Court Pursuant to 28 U.S.C. § 1441
Page 3 of 7
Case 3:23-cv-00099-SLG   Document 19   Filed 06/20/23   Page 3 of 7

Mountain's joinder to Triumvirate's opposition to Mr. Horvath's motion for remand to state court.[13]

## LEGAL STANDARD

Pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), a defendant may remove a civil action filed in state court to a federal district court when the parties have diversity of citizenship and when the amount in controversy exceeds $75,000. If removal is based solely on § 1332(a) diversity of citizenship, the action may not be removed if any properly joined and served defendant "is a citizen of the State in which such action is brought."[14] A defendant may remove a case by filing a notice of removal "containing a short and plain statement of the grounds for removal" within 30 days of receiving the complaint.[15] However, if there is more than one defendant, "all defendants who have been properly joined and served must join in or consent to the removal of the action."[16]

The removal statute is "strictly construe[d] . . . against removal jurisdiction. . . . The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."[17] For purposes of

---

[13] Docket 17.

[14] 28 U.S.C. § 1441(b)(2). This rule is commonly referred to as the "forum defendant rule."

[15] 28 U.S.C. § 1446(a)-(b).

[16] 28 U.S.C. § 1446(b)(2)(A).

[17] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (first citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); and then quoting *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990)).

Case No. 3:23-cv-00099, *Horvath v. Triumvirate, LLC, et al.*
Order re Motion for Remand to State Court Pursuant to 28 U.S.C. § 1441
Page 4 of 7
Case 3:23-cv-00099-SLG   Document 19   Filed 06/20/23   Page 4 of 7

diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens."[18]

## DISCUSSION

On May 10, 2023, Mr. Horvath filed the instant motion to remand this case to state court, alleging that Triumvirate's Notice of Removal fails to meet its burden of establishing diversity jurisdiction.[19] Specifically, Mr. Horvath contends that Spurr Mountain's counsel of record in the state case, Rebecca Hozubin, was not contacted by Triumvirate regarding the removal, and that therefore Spurr Mountain had not consented to the removal action.[20] Mr. Horvath further points out that if Triumvirate is alleging that both it and Spurr Mountain maintain Alaska citizenship, then removal is prohibited under the forum defendant rule because they are "citizen[s] of the State in which such action is brought."[21]

In its opposition, Triumvirate asserts that it did contact and obtain consent for removal from Mr. Tiemessen, who told Triumverate's counsel that he was representing Spurr Mountain.[22] Triumvirate submitted an affidavit from Mr. Tiemessen confirming this assertion.[23] Triumvirate contends that it was unaware

---

[18] *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

[19] Docket 7.

[20] Docket 7-1 at 3, ¶ 9.

[21] Docket 7 at 7-9; 28 U.S.C. § 1441(b)(2).

[22] Docket 12 at 2; Docket 12-2 at 1-2, ¶¶ 3-4; Docket 12-4 at 1-2, ¶¶ 2-3.

[23] Docket 13.

Case No. 3:23-cv-00099, *Horvath v. Triumvirate, LLC, et al.*
Order re Motion for Remand to State Court Pursuant to 28 U.S.C. § 1441
Page 5 of 7
Case 3:23-cv-00099-SLG   Document 19   Filed 06/20/23   Page 5 of 7

that Ms. Hozubin had been hired to represent Spurr Mountain until May 2, 2023, the day after it filed the Notice of Removal, when Triumvirate's counsel received the deficiency notice from the state court directing him to serve Ms. Hozubin with the Notice of Removal.[24] Triumvirate further adds in its opposition to remand that all four owners of Triumvirate are citizens of Wyoming, and that Triumvirate is therefore a citizen of Wyoming for purposes of diversity jurisdiction.[25] Triumvirate's opposition does not identify the owner(s) of Spurr Mountain; rather, it summarily states that "Spurr Mountain, LLC is a citizen of Delaware."[26] Spurr Mountain's counsel indicated in its motion to dismiss that Spurr Mountain "is a Delaware Limited Liability Company." But the record is silent as to the state(s) of citizenship of Spurr Mountain's owner(s).[27] Nonetheless, Triumvirate maintains that it has established diversity jurisdiction in this case.[28]

The Court need not determine the validity or timeliness of Spurr Mountain's consent to removal. Regardless, Triumvirate has failed to identify the state of citizenship of each of the owner(s) of Spurr Mountain. Although Triumvirate summarily asserts that Spurr Mountain is a citizen of Delaware, a limited liability

---

[24] Docket 12-4 at 2-3, ¶¶ 5, 7.

[25] Docket 12 at 3-4; Docket 12-3 at 1.

[26] Docket 12 at 3.

[27] Docket 9-1 at 28 n.1.

[28] Docket 12 at 7.

Case No. 3:23-cv-00099, *Horvath v. Triumvirate, LLC, et al.*
Order re Motion for Remand to State Court Pursuant to 28 U.S.C. § 1441
Page 6 of 7

company "is a citizen of every state of which its owners/members are citizens."[29] Because the Notice of Removal lacks that information and that defect has not been cured, remand of this action is warranted.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Plaintiff's Motion for Remand to State Court Pursuant to 28 U.S.C. § 1441 at Docket 7 is GRANTED.

DATED this 20th day of June, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[29] *Johnson*, 437 F.3d at 899.

Case No. 3:23-cv-00099, *Horvath v. Triumvirate, LLC, et al.*
Order re Motion for Remand to State Court Pursuant to 28 U.S.C. § 1441
Page 7 of 7
Case 3:23-cv-00099-SLG   Document 19   Filed 06/20/23   Page 7 of 7