# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DAVID HORVATH,

        Plaintiff,

    v.

TRIUMVIRATE, LLC, an Alaska Limited Liability Company, *et al.*,

        Defendants.

Case No. 3:23-cv-00099-SLG

## ORDER RE MOTION FOR ATTORNEY'S FEES AND COSTS

    Before the Court at Docket 21 is Plaintiff David Horvath's Motion for Attorney's Fees and Costs. Defendant Triumvirate, LLC, responded in opposition at Docket 22. Plaintiff filed a reply at Docket 23. Although this action has been remanded back to state court, the Court retains jurisdiction to determine a motion for fees incurred as a result of the removal. *See Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). Plaintiff seeks a fee award in the amount of $21,930 for fees incurred in filing the motion for remand and subsequent reply.[1]

    Courts may award attorneys' fees under the removal statute, 28 U.S.C. § 1447(c), if the defendant's decision to remove was "objectively unreasonable." *Grancare, LLC v. Thrower*, 889 F. 3d 543, 552 (9th Cir. 2018).

---

[1] Docket 23-1 at 3.

Here, Triumvirate's notice of removal was woefully deficient in demonstrating diversity jurisdiction and all defendants' consent, resulting in the remand of this case back to the state court. But from an objective standpoint, as is the test in the Ninth Circuit, it was not unreasonable to seek removal because in point of fact, this Court did have diversity jurisdiction over this action.

Plaintiff asserts that removal was also objectively unreasonable because another defendant, Spurr Mountain, LLC, had filed a dispositive motion in the state court before the notice of removal was filed. Plaintiff asserts that by filing this motion, Spurr Mountain could not then consent to the removal of the action to federal court.[2] But while it is likely that had Triumvirate filed a dispositive motion in the state court, it could not have then sought to remove the action, it is not at all clear to this Court that Spurr Mountain could not have withdrawn its dispositive motion in the state court then consented to the removal by its co-defendant. Plaintiff cites to *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230 (9th Cir. 1994). But that case discussed a waiver based on filings made in state court by the removing defendant, not a co-defendant. And the *Resolution* court stressed that "'[a] waiver of the right of removal must be clear and unequivocal.'" 43 F.3d at 1240 (quoting *Beighley v. FDIC*, 868 F. 2d 776, 782 (5th Cir. 1989). Moreover, actions taken before it is clear that the case is removable cannot form the basis of a waiver. *See Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790-91 (9th Cir.

---

[2] Docket 23 at 8.

Case No. 3:23-cv-99, *Horvath v. Triumvirate, LLC, et al.*
Order Re Motion for Attorney's Fees
Page 2 of 3
Case 3:23-cv-00099-SLG   Document 25   Filed 07/28/23   Page 2 of 3

2018).[3] Here, the state court complaint alleged that both Triumvirate and Spurr Mountain were Alaska Limited Liability companies conducting business in Alaska.[4] Based on the complaint, it would not have been clear to Spurr Mountain that the case was removable. And the Ninth Circuit has "emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.'" *Kenny*, 881 F.3d at 791 (*quoting Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F. 3d 1121, 1124 (9th Cir. 2013).

In sum, with the benefit of the complete record at this time, Plaintiff has not demonstrated that the removal of this action to federal district court was *objectively* unreasonable. For that reason, Plaintiff's motion for attorney's fees at Docket 21 is DENIED.

DATED this 28th day of July 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[4] Docket 9-1 at 6 (State Court Complaint).

Case No. 3:23-cv-99, *Horvath v. Triumvirate, LLC, et al.*
Order Re Motion for Attorney's Fees
Page 3 of 3
Case 3:23-cv-00099-SLG   Document 25   Filed 07/28/23   Page 3 of 3